UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH O. OWENS, JR., | No. 2:22-cv-01995-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| DENNIS, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.    Factual and Procedural Background**

This case is proceeding against defendant Dennis for a claim of deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. ECF No. 8 (screening order). On September 8, 2023, this case was referred to the post-screening ADR project. ECF No. 17. A settlement conference was conducted on January 29, 2024 before Magistrate Judge Jeremy Peterson. During settlement discussions, plaintiff severed his Zoom connection and terminated his participation in the court-ordered settlement conference. See ECF No. 21.

On January 31, 2024, the court ordered plaintiff to show cause why monetary sanctions should not be imposed for his failure to participate in the settlement conference in good faith.

1

ECF No. 22.  The order warned plaintiff that his failure to respond would result in a recommendation that this case be dismissed.  ECF No. 22.  Plaintiff has failed to respond to the show cause order within the time provided.

## II. Legal Standards

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In determining whether a dismissal is appropriate, the court considers five factors.  Ferdik, 963 F.2d at 1260-61 (9th Cir. 1992).  These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Ferdik, 963 F.2d at 1260-61 (citing Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)).

## III. Analysis

Based on plaintiff's failure to participate in good faith in the settlement conference and his failure to respond to the order to show cause, the undersigned recommends dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Here, as in Ferdik, the first two factors strongly support dismissal of this action.  The court referred this matter to ADR for the purpose of expeditiously resolving plaintiff's dispute.  However, plaintiff's lack of participation in the settlement conference prevented any possibility of early resolution.  The failure to participate in good faith in the court-ordered settlement conference wasted valuable judicial resources.  Furthermore, at this procedural juncture, the undersigned finds that requiring defendant to answer the complaint would risk prejudice to the defendant when plaintiff shows no interest in prosecuting this action.

The court has considered alternatives less drastic than dismissal.  Principally, the court directed plaintiff to show cause why monetary sanctions would not be appropriate.  ECF No. 22; see also Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396-97 (9th Cir. 1993) (affirming the district court's imposition of monetary sanctions for failing to obey a court order regarding a settlement conference).  Although plaintiff is no longer a prisoner, the court finds that imposition

of monetary sanctions would be unjust in this case where plaintiff is proceeding in forma pauperis and there is no indication in the record that plaintiff has the ability to pay such sanctions. See ECF No. 5 at 2 (restitution list).  The undersigned finds that imposing sanctions in such a circumstance would circumscribe plaintiff's access to the courts.  In light of all these considerations, the court finds no suitable alternative to dismissal of this action.

The only factor that mitigates against dismissal is the public policy favoring resolution of cases on their merits.  However, the court cannot litigate plaintiff's case for him.  He is the captain of his own ship and can choose when to bring it into harbor.  Therefore, the undersigned finds that this single factor does not outweigh the remaining Ferdik factors favoring dismissal.

For all the above stated reasons, the undersigned recommends dismissing this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this case is lifted.

2. The Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on plaintiff's failure to comply with court orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 29, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/owen1995.dismiss